IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS DIVISION)

CLAUDE NEELEY                                                                                              PLAINTIFF
8115 Fisher Bend
Indianapolis, Indiana 46239

Case No. _____

v.

Judge _____

NAVIENT SOLUTIONS, LLC                                                                          DEFENDANTS
13865 Sunrise Valley Drive
Herndon, Virginia 20171

       SERVE:    Corporation Service Co.
                       135 N. Pennsylvania St., Ste. 1610
                       Indianapolis, Indiana 46204
                       (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    Corporation Service Co.
                       135 N. Pennsylvania St., Ste. 1610
                       Indianapolis, Indiana 46204
                       (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Claude Neeley, by counsel, and for his Verified Complaint against the Defendants, Navient Solutions, LLC ("Navient") and Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Navient's false reporting to Equifax of default history on Plaintiff's transferred Navient accounts; and Defendants' failure to correct Navient's false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Claude Neeley, is currently and was at all relevant times a citizen of the State of Indiana residing at 8115 Fisher Bend, Indianapolis, Indiana 46239.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Navient, is a Virginia limited liability company and is a student loan lender doing business in the State of Indiana with its principal place of business at 13865 Sunrise Valley Drive, Herndon, Virginia 20171.

5. Navient is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C.

§1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Marion County, Indiana as a result of the Defendants' doing business in Marion County, Indiana.

## IV. **FACTUAL BACKGROUND**

10. In or around March 2022, Plaintiff accessed his Equifax credit report and discovered that Navient was reporting default account histories for Plaintiff's Navient student loan accounts.

11. Prior to March 2022, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to Navient.

12. Immediately upon discovering Navient's false and derogatory tradelines which showed Plaintiff's student loan accounts with a default histories, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the Navient tradelines given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

13. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Navient of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

14. Plaintiff never received dispute results from Equifax. In April 2022, however, Plaintiff again accessed his Equifax credit report and discovered that the Navient tradelines were reporting as they had been reporting prior to his dispute.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Navient and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports or to amend Plaintiff's credit reports.

16. Upon information and belief, Navient and Equifax did not evaluate or consider any

of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's dispute.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the Naveint account default histories. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Navient

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the default histories of Plaintiff's Navient accounts are violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

20. Navient's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

21. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

22. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15

4

U.S.C. §1681i.

23. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Navient**

25. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

26. Navient's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the default histories of Plaintiff's Navient accounts, despite Navient's knowledge of the falsity of its reporting, are willful violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27. Given Navient's knowledge of the falsity of its reporting, Navient's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

28. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

5

29. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

31. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Claude Neeley, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Claude Neeley, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Claude Neeley